1  MARK C. BAILEY (SBN 128118)
   mcb@clintonbailey.com
2  CLINTONBAILEY, APC
3  8865 Research Drive, Suite 200
   Irvine, CA 92618
4  Telephone: 949.852.9899
5  Facsimile:  949.852.8851

6
   Attorneys for Counterclaim Defendants
7  RICHARD MCCORMACK DESIGN
   d/b/a STUDIO MCCORMACK and
8  RICHARD MCCORMACK
9

10              UNITED STATES DISTRICT COURT
11              NORTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| KEVIN BARRY FINE ART ASSOCIATES, a California corporation,<br><br>Plaintiff,<br>vs.<br><br>KEN GANGBAR STUDIO INC., a Canadian Corporation,<br><br>Defendant.<br><br>KEN GANGBAR STUDIO INC., a Canadian Corporation,<br><br>Counterclaimant,<br>vs.<br>KEVIN BARRY FINE ART ASSOCIATES, KEVIN A. BARRY, RICHARD MCCORMACK DESIGN d/b/a STUDIO MCCORMACK, RICHARD MCCORMACK, JOHN JOHNSON, DOES 1-20, and ABC Corporations 1-20,<br><br>Counterclaim Defendants. | Case No.  3:18-CV-03358-HSG<br><br>**COUNTERCLAIM DEFENDANTS RICHARD MCCORMACK DESIGN d/b/a STUDIO MCCORMACK and RICHARD MCCORMACK'S NOTICE OF MOTION AND MOTION TO DISMISS THE COUNTERCLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>**[FED. R. CIV. P. 12(b)(6)]**<br><br>**Date:   November 29, 2018**<br>**Time:  2:00 p.m.**<br>**Courtroom: 2**<br>**Judge:  Hon. Haywood S. Gilliam, Jr.**<br><br>Complaint Filed: June 6, 2018<br>Trial Date:         Not Yet Set |

<u>**MCCORMACK PARTIES' MOTION TO DISMISS**</u>

TABLE OF CONTENTS

NOTICE OF MOTION ........................................................................................................1

REQUEST FOR RELIEF.....................................................................................................1

ISSUES TO BE DECIDED .................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .....................................................1

I.    INTRODUCTION AND BACKGROUND ..............................................................1

    A. The Counterclaim Fails to Satisfy the Heightened Pleading Requirements of
       Fed. R. Civ. P. Rule 9(b) ........................................................................................2

II.   KGSI'S ALLEGATIONS AGAINST ALL COUNTERCLAIM DEFENDANTS
     SOUND IN FRAUD ..................................................................................................3

III.  LEGAL STANDARD ON 12(b)(6) MOTIONS........................................................4

IV.   LEGAL ARGUMENT................................................................................................4

    A. The Allegations in the Counterclaim Against All Counterclaim Defendants
       "Sound in Fraud" and Are Therefore Governed by Rule 9(b) ...................................4

    B. The Allegations in the Counterclaim Against All Counterclaim McCormack
       Defendants Fail to Satisfy the Requirement of Rule 9(b) and Must Be Dismissed ...6

    C. Copyright Infringement: Contributory and Vicarious Liability ............................7

       i. Vicarious Liability................................................................................................7

       ii. Contributory Liability ........................................................................................8

    D. The Counterclaim Fails to State a Claim Under the Racketeer Influenced
       And Corrupt Organizations Act ..............................................................................9

    E. KGSI Has Failed to Adequately Plead the Predicate Acts Allegedly
       Committed by McCormack ....................................................................................10

    F. KGSI Has Failed to Plead a "Pattern of Racketeering" ..............................................11

    G. KGSI Appears to be Unable to Amend Its RICO Claim to Properly State a
       Cause of Action .......................................................................................................12

V.    CONCLUSION..........................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Ackerman v. Northwestern Mut. Life Ins. Co.*,
  172 F. 3d 467, 469 (7th Cir. 1992) ................................................................. 5

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009) ........................................................................... 6,9

*Associated General Contractors of California, Inc. v. California State Council of Carpenters*,
  459 U.S. 519, 526 (1983) ............................................................................... 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 570 (2007) ......................................................................... 4,6,9

*Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.*,
  528 F.3d 1001, 1027-1028 (8th Cir. 2008) ................................................. 10

*Davis v. Chase Bank U.S.A., NA*,
  50 Supp.2d 1073, 1089-90 (C.D. Cal. 2009) ................................................ 5

*Desaigoudar v. Meyercord*,
  223 F.3d 1020, 1022-1023 (9th Cir. 2000) ................................................... 4

*Durning v. Citibank*,
  990 F.2d 1133, 1139 (9th Cir. 1993) .......................................................... 12

*Edward v. Marin Park Inc.*,
  356 F.3d 1058, 1065-1066 (9th Cir. 2004) ................................................... 9

*Feist Publications, Inc. v Rural Telephone Services Co., Inc.*,
  199 U.S. 340, 361 ......................................................................................... 7

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
  76 F.3d 259, 261 (9th Cir. 1996) ............................................................... 7,8

*Gershwin Pub. Corp. v. Columbia Artists Management, Inc.*,
  443 F.2d 1159, 1162 (2d Cir. 1971) ............................................................. 8

*H.J., Inc. v. Northwestern Bell Tel. Co.*,
  492 U.S. 229, 239 (1989) ............................................................................ 11

*Howard v. America Online, Inc.*,
  208 F.3d 741, 775 (9th Cir. 2000) .............................................................. 10

*Ikuno v. Yip*,
  912 F.2d 306, 309 (9th Cir. 1990) .............................................................. 11

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120, 1125 (9th Cir.2009) ............................................................. 6

*Knievel v. ESPN,*
    393 F.3d 1068, 1072 (9th Cir. 2005) ...................................................................................6

*Levine v. The Entrust Grp., Inc.,*
    2013 WL 260647 (N.D. Cal. June 11, 2013) ......................................................................4

*Midwest Grinding Co. v. Spitz,*
    976 F.2d 1016, 1025-1026 (7th Cir. 1992) .........................................................................9

*Moore v. Keyport Package Exp. Inc.,*
    885 F.2d 531, 541 (9th Cir. 1989) ....................................................................................11

*Neubronner v. Milken,*
    6 F.3d 1058, 1066 (9th Cir. 1993) ......................................................................................5

*Richmond v. Nationwide Cassel, L.P.,*
    52 F.3d 640, 644 (7th Cir. 1994) ........................................................................................9

*Ross v. Bolton*,
    904 F.2d 819, 823 (2d Cir. 1990) .......................................................................................5

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 476 F.3d 756, 765 (9th Cir. 2007)
    806 F.2d 1393, 1400 (9th Cir. 1986) ................................................................................11

*Sun Savings & Loan v. Dierdorff,*
    825 F.2d 194 (1987) ..........................................................................................................11

*Swartz v. KPMG LLP,*
    476 F.3d 756, 765 (9th Cir. 2007) ..................................................................................5,12

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097, 1104 ...........................................................................................................5

*Walters v. McMahen,*
    684 F.3d 435, 440-443 (4th Cir. 2012) ...............................................................................9

*Workers Union and Employers Midwest Health Benefits Fund v. Walgreen Co.,*
    719 F.3d 849, 856 (7th Cir. 2013) ....................................................................................10

**Statutes**

Fed. R. Civ. P. Rule 8(a)(2) .........................................................................................................4

Fed. R. Civ. P. Rule 9(b)..................................................................................................*Passim*

Fed. R. Civ. P. Rule 11 ...............................................................................................................13

Fed. R. Civ. P. Rule 12(b)(6)............................................................................................*Passim*

17 U.S.C. §106 .............................................................................................................................7

18 U.S.C. §1962(c) ..................................................................................................................9,11

18 U.S.C. §1962(d) ................................................................................................................10,11

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on November 29, 2018, at 2:00 p.m., or such other date as may be agreed upon or ordered, in Courtroom 2 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, Counterclaim Defendants RICHARD MCCORMACK DESIGN d/b/a STUDIO MCCORMACK and RICHARD MCCORMACK (the "McCormack Parties") will and hereby do move this Court to dismiss the Counterclaims of Ken Gangbar Studio Inc. (the "Counterclaim"), ECF No. 18. This Motion is made pursuant to Rules 9(b), 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, and is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers filed herein, oral argument of counsel, and any other matter that may be submitted at any hearing of this Motion.

## REQUEST FOR RELIEF

The McCormack Parties respectfully request that the Court dismiss all claims in the Counterclaim against them with prejudice.

## ISSUES TO BE DECIDED

1. Whether Counterclaimant has stated a claim on which relief can be granted against the McCormack Parties; and
2. Whether each of the Causes of Action for Copyright Infringement and Civil RICO sound in fraud such that the heightened pleading requirements of Fed. R. Civ. P. Rule 9(b) apply.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION AND BACKGROUND**

Counterclaim Defendants, Richard McCormack Design d/b/a Studio McCormack and Richard McCormack (collectively, "McCormack Parties") move to dismiss the Counterclaim ("Counterclaim") on file herein as ECF No. 18 entitled, Answer of Ken Gangbar Studio Inc. to Complaint for Declaratory Relief of Copyright

Infringement COUNTERCLAIMS on the grounds that it fails to allege sufficient facts to establish liability against McCormack under the two Counterclaims.

A fair reading of the Complaint ECF No. 1 and Counterclaim ECF No. 18, place the gravamen of this dispute between Plaintiff Kevin Barry Fine Art Associates ("KBFAA") and Ken Gangbar Studio Inc. ("KGSI"). Their dispute revolves around copyright issues involving artwork and allegation of years of art forgeries and the sale of infringing counterfeit copies of artwork. Meanwhile, the McCormack Parties, included only in KGSI's Counterclaim, appear to have been included as counterclaim defendants as an afterthought. Indeed, the first substantive allegation against the McCormack Parties does not appear until Paragraph 23 of the Counterclaim (ECF No. 18, 12:1-6). Then, the next mention of these Moving Parties does not appear until Paragraph 45 (ECF No. 18, 17:24-28). The McCormack Parties are not specifically identified or named anywhere thereafter in the Counterclaim, including the entirety of the Second Counterclaim for Civil RICO. Instead, KGSI simply improperly lumps all "Defendants" together in stating the allegations in the Counterclaim.

**A. The Counterclaim Fails to Satisfy the Heightened Pleading Requirements of Fed. R. Civ. P. Rule 9(b).**

At the outset, Counterclaimant encapsulates the "Nature of the Action" herein as a criminal pattern and practice of copyright infringement spanning more than a decade. (ECF No. 18, 8:2-6.) KGSI goes on to allege that Counterclaim Defendants "committed the acts described here purposefully in concert with 'the other" counterclaim defendants." (ECF No. 18, 8:21-22.) The Counterclaim also states a Civil RICO cause of action. Because KGSI claims all sound in fraud, their allegations must meet the heightened pleading standards of Fed. R. Civ. P. Rule 9(b), which requires that counterclaimants "must state with particularity the circumstances constituting fraud or mistake." Here, KGSI's pleading suffers from a factual deficiency, as Counterclaimant lumps all of the Counterclaim Defendants together, then generally attributes all of the alleged intentional and criminal acts to them *en masse* without

identification of which of the five Counterclaim Defendants engaged in which of the specific acts constituting the alleged multiple copyright infringements and the predicate acts related to the RICO claim.  Accordingly, KGSI completely fails to meet the "who, what, where, when and how" pleading requirement of Fed. R. Civ. P. Rule 9(b).  As a result, KGSI's Counterclaim should be dismissed as to each McCormack Defendant under Fed. R. Civ. P. Rule 12(b)(6) for failure to properly state a claim.

## II. KGSI'S ALLEGATIONS AGAINST ALL COUNTERCLAIM DEFENDANTS SOUND IN FRAUD

The Counterclaim identifies five individual Counterclaim Defendants:  Kevin Barry Fine Art Associates ("KBFAA"); Kevin Barry; Studio McCormack; Richard McCormack; and John Johnson.  (ECF No. 18, 9:10-18.)  KGSI alleges "on information and belief" that in an unspecified manner these Counterclaim Defendants "conspired with, aided and abetted, or acted in concert with each other."  (ECF No. 18, 10:1-5.)  Notably, all causes of action are alleged "Against All Defendants".  (*See* Counterclaim generally.)  The Counterclaim scarcely mentions the McCormack Parties or their alleged relationship with the other defendants or specifically what the intentional bad acts they are alleged to have committed.  Seemingly, all five Counterclaim Defendants are interchangeable and acted as one in the alleged counterfeiting, forgeries, marketing and copyright infringement activities.  This lack of specificity makes it impossible to ascertain which of the Defendants are alleged to have engaged in what conduct or violated which copyrights, or upon whose conduct KGSI claims to have relied.  This ambiguity permeates the entire Counterclaim.

Second, Counter-claimant fails to properly plead the requisite elements for establishing liability under the First and Second Counterclaims.  In addition, Counterclaimant has failed to state a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO Act) because it has not and cannot state the requisite elements of the RICO Act claim.

1   Accordingly, Counterclaim Defendants respectfully request that the
2   Counterclaim be dismissed in its entirety as to Counterclaim Defendants, RICHARD
3   MCCORMACK DESIGN d/b/a STUDIO MCCORMACK and RICHARD
4   MCCORMACK without leave to amend.

## III.  LEGAL STANDARD ON 12(b)(6) MOTIONS

A pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief" Fed. R. Civ. P. Rule 8(a)(2). A party may move to dismiss a complaint for "failure to state a claim which relief can be granted." Fed. R. Civ. P. Rule 12(b)(6). A complaint survives a motion to dismiss if it contains enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court reviews the contents of the complaint, accepting all factual allegations as true, and drawing reasonable inferences in favor of the nonmoving party.

## IV.  LEGAL ARGUMENT

### A. The Allegations in the Counterclaim Against All Counterclaim Defendants "Sound in Fraud" and Are Therefore Governed by Rule 9(b).

The claims of intentional copyright infringement and Civil RICO sound in fraud. Under the Federal Rules of Civil Procedure Rule 12(b)(6), a complaint must be dismissed when the allegations fail to state a claim upon which relief may be granted. When a complaint includes claims for fraud, "a party must state with particularity the circumstances constituting the fraud…." Fed. R. Civ. P. Rule 9(b). *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000) - fraud must be pled "with a high degree of meticulousness."

Where several defendants are sued in connection with an alleged fraudulent scheme, Rule 9(b) prevents plaintiff from lumping defendants together for the purposes of fraud allegations, *Levine v. The Entrust Grp., Inc.*, 2013 U.S. Dist. LEXIS 82061, 2013 WL 260647, AT*5 (N.D. Cal. June 11, 2013). In order to provide adequate notice of a fraud claim to defendants, "[i]n the context of a fraud suit involving

multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007).

Fraud allegations must be "specific enough to give defendants notice of the particular misconduct…so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 1058, 1066 (9th Cir. 1993).  By requiring the plaintiff to allege the who, what, where and when of the alleged fraud, the rule requires the plaintiff to conduct a pre-complaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F. 3d 467, 469 (7th Cir. 1992).

"Rule 9(b)'s heightened pleading requirement "safeguards defendant's reputation and good will from improvident charges of wrongdoing…" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104, quoting *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990). In the Ninth Circuit, Rule 9(b) applies:

(1) When a complaint specifically alleges fraud as an essential element of a claim,

(2) When the claim "sounds in fraud" by alleging that the defendant engaged in fraudulent conduct, but the claim itself does not contain fraud as an essential element, and

(3) To any allegations of fraudulent conduct, even when none of the claims in the complaint 'sound in fraud.'" *Davis v. Chase Bank U.S.A., NA*, 650 Supp.2d 1073, 1089-90 (C.D. Cal. 2009) citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d1097, 1102-1106 (9th Cir. 2003).

The purpose of Rule 9(b) is to "deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs" and "to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and

5
**MCCORMACK PARTIES' MOTION TO DISMISS**

economic costs absent some factual basis." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.2009) (quotations omitted).

**B. The Allegations in the Counterclaim Against All Counterclaim McCormack Defendants Fail to Satisfy the Requirement of Rule 9(b) and Must Be Dismissed.**

First, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief" Fed. R. Civ. P. Rule 8(a)(2). A party may move to dismiss a complaint for "failure to state a claim which relief can be granted." Fed. R. Civ. P. Rule 12(b)(6). A complaint survives a motion to dismiss if it contains enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court reviews the contents of the complaint, accepting all factual allegations as true, and drawing reasonable inferences in favor of the nonmoving party. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [it] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility of entitlement to relief." *Id.* (citing *Twombly,* 550 U.S. at 557).

Second, the McCormack Parties' reputations are being seriously harmed by the charges of allegedly being a part of a decade's long art forgery scheme. Studio McCormack is a commercial design service located in Costa Mesa, California. They provide conceptual design, design development, and interior design consultation services. Typical clients are restaurant owners and commercial building owners. Studio McCormack's clients and the general public are not likely to distinguish the broader alleged scheme from the actual involvement McCormack had in simply referring a client interested in purchasing a Gangbar work to KBFAA.

Third, charging the five separate defendants with violating the copyright laws and the Racketeer Influenced and Corrupt Organizations Act without any supporting factual allegation unjustly imposes both social costs on the McCormack Parties as well as unnecessary economic court costs on this Court, defendants and taxpayers.

Accordingly, where, as here, KGSI's suit against the five defendants necessarily "sound in fraud," it must be pled with particularity pursuant to Rule 9(b).

**C. Copyright Infringement: Contributory and Vicarious Liability.**

The elements of a copyright infringement claims are: (1) ownership of a valid copyright; and (2) the infringer's copying of protected elements of the copyrighted material. *Feist Publications, Inc. v Rural Telephone Services Co., Inc*., 199 U.S. 340, 361, 111 S. Ct. 1282 (1991). Therefore, Counterclaimant must show that they satisfy both elements -- ownership of the alleged infringed material and they must demonstrate that KBFA violated at least one exclusive right granted to KGSI under 17 U.S.C. §106.

    **i. Vicarious Liability**

Vicarious copyright liability has its genesis from traditional respondeat superior. In the context of copyright law, vicarious liability extends beyond an employer/employee relationship to cases in which a defendant "has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259, 262 (9th Cir. 1996). In *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259, 261 (9th Cir. 1996) the court defined

7
**MCCORMACK PARTIES' MOTION TO DISMISS**

vicarious infringement as (1) control over the direct infringer, and (2) "direct financial benefit" from the infringement. Hence, there are two elements required for vicarious infringement: (1) financial benefit, and (2) the defendant's right **and** ability to supervise the infringing conduct. (Counterclaim ECF No. 18, 10:1-5 references respondeat superior.)

In *Fonovisa*, the Ninth Circuit held that the plaintiff's complaint alleged sufficient control. 76 F.3d at 263. The court concluded that the defendant swap meet operator had the right to supervise (or "police") the infringing conduct for the following reasons: the defendant had the right to terminate vendors for any reason; the defendant promoted the swap meet; the defendant controlled the access of customers to the booth area; the defendant patrolled the small booth area; the defendant could control direct infringers through its rules and regulations; and the defendant promoted the show. *Id*. at 262–63. However, KGSI states no such factual allegations in its Counterclaim that describe with any specificity McCormack's alleged infringing conduct. Rather, the allegations generally relate to all counterclaim defendants in a conclusionary manner. Those stated allegations do not comply with Fed. R. Civ. P. Rule 9(b).

### ii. Contributory Liability

A claim for contributory copyright infringement requires an additional element that Counterclaim Defendants "with knowledge, induced, caused, or materially contributed to the infringing conduct of another." *Gershwin Pub. Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). Such factual allegations are also glaringly absent from KGSI's pleading. Furthermore, KGSI improperly lumps all Counterclaim Defendants together, making it impossible to determine what KGSI specifically alleges each Counterclaim Defendant is alleged to have done wrong and how that may have resulted in recoverable damages to Counterclaimant.

/ / /

### D. The Counterclaim Fails to State A Claim Under the Racketeer Influenced and Corrupt Organizations Act.

In the Ninth Circuit, all RICO claims involving fraud must be alleged with particularity. *Edward v. Marin Park Inc.*, 356 F.3d 1058, 1065-1066 (9th Cir. 2004) (stating that Rule 9(b) applies equally to civil RICO claims and that the plaintiff must state with particularity the circumstances constituting the fraud).

A RICO claim requires specific pleading on three levels: elements of the particular RICO violation alleged; elements of the predicate crimes; and elements of injury. To state a claim, a plaintiff must allege four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Each element of a RICO claim requires additional analysis: an "enterprise" is marked by association and control; a "pattern" requires a showing of "continuity" – continuous and related behavior that amounts to, or poses a threat of, continued criminal violations; and "racketeering activity" involves the violation of designated federal laws. In addition, a civil RICO plaintiff must allege that it was injured in his business of property "by reason of" a violation of RICO's substantive provisions. *Richmond v. Nationwide Cassel, L.P.*, 52 F.3d 640, 644 (7th Cir. 1994).

A RICO complaint should tell a clear and compelling story. The heightened pleading standards under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Igbal,* 556 U.S. 662, 678 (2009) are particularly important in RICO cases to protect Defendants against baseless charges of racketeering that are serious, harmful and expensive to defend. Because RICO applies only to organized long-term criminal activity, it should not apply to ordinary business disputes. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1025-1026 (7th Cir. 1992).

Furthermore, RICO is predicated on criminal conduct. As such, KGSI must plead and establish that each Defendant intended to engage in conduct with actual knowledge of the illegal activities. *Walters v. McMahen*, 684 F.3d 435, 440-443 (4th Cir. 2012). In addition, as confirmed by the Eighth Circuit, "[t]he requirements of §1962(c)

is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise. *Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027-1028 (8th Cir. 2008).

To state a claim under §1962(d), the Plaintiff must allege the existence of an "agreement to participate in an endeavor which, if completed, would constitute a violation" of the RICO statute. *Workers Union and Employers Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 856 (7th Cir. 2013). This requires the Plaintiff to make a two-part showing: (1) that the Defendant agreed to facilitate the operation of an enterprise through a pattern of racketeering activity; and (2) that the Defendant agreed that someone would commit at least two predicate acts. *Howard v. America Online, Inc.*, 208 F.3d 741, 775 (9th Cir. 2000). KGSI asserts violations of 18 U.S.C. §1962(d) (Counterclaim ECF No. 18, 19:9-25), but fails to plead the requisite facts.

Indeed, with respect to the McCormack Parties, Counterclaimant cannot establish such facts. KGSI only alleges McCormack was involved with one alleged artwork in an isolated instance – the Ritz Prime Seafood Restaurant (ECF No. 18, 17:24-28). Even then, KGSI gets it wrong. The McCormack Parties designed the restaurant for their client, recommended art brokers to the client, who elected to do business directly with KBFAA. McCormack's client procured, purchased, displayed, installed and owned the alleged single artwork. McCormack's referral does not constitute even a single predicate act or lend itself to a credible allegation that such a business referral constitutes an agreement to participate in an "enterprise." KGSI also has failed to plead the knowledge requirement of §1962(d).

### E. KGSI Has Failed to Adequately Plead the Predicate Acts Allegedly Committed By McCormack.

KGSI generally pleads allegations that willful copyright infringement took place (ECF 18, 19:9-10); Counterclaim Defendants were employed or associated with the broader enterprise and engaged in a pattern of racketeering activity (ECF 18, 19:22-25). But there exist no specific allegations related to the alleged predicate acts of

any Counterclaim Defendant, including McCormack.  KGSI must allege predicate acts with particularity under Rule 9(b), which it did not.  To withstand a motion to dismiss, KGSI must allege "the time, place, and specific bad acts as well as the identities of the parties alleged to have committed those acts.  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986).  *Moore v. Keyport Package Exp. Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).

KGSI fails to plead any predicate acts relating to McCormack with any particularity.  In Paragraph 53, Counterclaimant simply states in conclusionary terms that the activities affect interstate commerce.  Absent are facts alleged as to when, where, how, and by whom.  For these reasons, the predicate acts allegations are wholly insufficient under Rule 9(b).

**F. KGSI Has Failed to Plead a "Pattern of Racketeering".**

Likewise, Counterclaimant's allegations do not establish a pattern of racketeering sufficient to state a RICO claim.  Under section 1962(c), a plaintiff must establish a "pattern of racketeering activity."  A "pattern of racketeering activity" is defined as at least two predicate acts, within ten years of each other.  18 U.S.C. § 1961(5).  The Supreme Court has held that the "pattern" requirement can be met by showing: (1) "that the racketeering predicates are related;" and (2) that the predicates "amount to or pose a threat of continued criminal activity."  *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989).  The Ninth Circuit has "adopted a test for pattern which inquires whether the predicate acts are sporadic or isolated.  If they are isolated or sporadic, then they cannot form a 'pattern.'"  *Ikuno v. Yip*, 912 F.2d 306, 309 (9th Cir. 1990) (citing *Sun Savings & Loan v. Dierdorff*, 825 F.2d 194 (1987).

The pattern alleged by KGSI completely fails to meet this standard.  Here, because any discernable predicate acts are missing from the pleading, the Counterclaim fails to adequately plead a pattern.  At most, the alleged infringing, which allegedly led to the interstate commerce activity, discloses a possible copyright infringement claim, without allegations as to which of the five Counterclaim

Defendants committed the infringing.  Indeed, McCormack is generally alleged to only be involved in one artwork.  *See Durning v. Citibank,* 990 F.2d 1133, 1139 (9th Cir. 1993) (holding that predicate acts arising from a single event, the dissemination of a misleading document, did not satisfy continuity requirement).  Because the second prong of the "pattern" element – requiring continuity – cannot be met here based on a solitary artwork, KGSI's allegations to not establish a pattern of fraudulent acts.

Even if the Court were to find that KGSI alleged at least two predicate acts, the Counterclaim does not allege that each of the Counterclaim Defendants committed two predicate acts under section 1962(c).  To establish a "pattern of racketeering," KGSI must allege that each of the individual counterclaim defendants committed two or more predicate acts of racketeering activity.  Where multiple defendants allegedly engaged in fraudulent activity, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together."  *Swartz,* 476 F.3d at 764.  Rather, KGSI must identify each counterclaim defendant's role in the alleged scheme to defraud. *Id.* at 765.  Here, the allegations of the Counterclaim broadly allege a single predicate act against *all* Counterclaim Defendants, which is insufficient to allege a RICO claim against *any* Counterclaim Defendant individually.

As shown above, KGSI's attempt to transform a standard copyright claim into a RICO claim is deficient in many respects.  Accordingly, the second counterclaim must be dismissed for failure to state a claim.

**G. KGSI Appears to be Unable to Amend Its RICO Claim to Properly State a Cause of Action.**

On September 25, 2018, KGSI provided its Fed. R. Civ. P. Rule Initial Disclosures.  Relative to the McCormack Parties, they do not identify a single witness in support of their Second Cause of Action for Civil RICO.  The repetitious "Subject(s)" identified for KGSI's disclosed witnesses are:

i. Past and present copyright infringement by the KBFAA Parties; negotiation, purchase, and use of infringing artworks by KBFAA Parties' customers; KBFAA Parties' profits; KGSI's damages.

ii. Past and present copyright infringement by the McCormack Parties; negotiation, purchase, and use of infringing artworks by McCormack Parties' customers; the McCormack Parties' profits; KGSI's damages.

iii. Past copyright infringement by the KBFAA Parties.

Similarly, the documents identified – 2 categories – simply identify allegedly infringed artwork and information relating to KGSI's supposed lost profits. Counterclaimant cannot even quantify its damages. All indications are that KGSI's RICO claim is brought without investigation, factually groundless and legally deficient in almost all requirements a RICO claim. The purpose of Fed. R. Civ. P. Rule 11 is to discourage such pleadings. (Declaration of Mark C. Bailey, 3:11-4:7.)

**V.      CONCLUSION**

For the reasons set forth above, Counterclaim Defendants respectfully request that KGSI's Counterclaim be dismissed in its entirety without leave to amend.

Respectfully submitted this 28th day of September, 2018.

DATED: September 28, 2018        CLINTONBAILEY, A.P.C

By:     /s/ *Mark C. Bailey*
              Mark C. Bailey


Attorney for Counterclaim Defendants
RICHARD MCCORMACK
STUDIO MCCORMACK