MARC N. BERNSTEIN (SBN 145837)
mbernstein@blgrp.com
THE BUSINESS LITIGATION GROUP, P.C.
555 Montgomery Street, Suite 1650
San Francisco, CA 94111
Telephone: 415.765.6633
Facsimile: 415.283.4804

Attorney for Defendant and Counterclaimant
KEN GANGBAR STUDIO INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KEVIN BARRY FINE ART ASSOCIATES, a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>KEN GANGBAR STUDIO INC., a Canadian corporation,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No.  4:18-CV-03358-HSG<br><br><br>**KEN GANGBAR STUDIO INC.'S OPPOSITION TO THE McCORMACK PARTIES' MOTION TO DISMISS**<br><br><br>Judge:  Hon. Haywood S. Gilliam, Jr.<br>Courtroom: Two, Fourth Floor<br>Hearing Date: January 17, 2019<br>Time: 2:00 p.m. |

# Table of Contents

I.    Introduction .................................................................................................. 1

II.   Background and Allegations ......................................................................... 1

      A.   General Allegations. ........................................................................... 1

      B.   Copyright Infringement Claim. ......................................................... 3

      C.   RICO Claim. ....................................................................................... 3

III.  Legal Standards ............................................................................................ 4

      A.   Factual Allegations Are Presumed True, And Upheld, If They Permit A
           Reasonable Inference the Defendant Is Liable. ................................ 4

      B.   FRCP 9(b) Applies Only to Allegations of Fraud. ........................... 4

           1.   Fraud Allegations Require Special Pleading. ........................... 4

           2.   *Only* Fraud Allegations Require Special Pleading. ............... 5

                a.   Civil Copyright Infringement Is Not Fraud. ................. 5

                b.   RICO Copyright Infringement Is Not Fraud. ............... 6

           3.   Rule 9(b) Dismissals Should Include Leave to Amend. ......... 7

IV.   Argument ...................................................................................................... 7

      A.   No Counterclaim Alleges Fraud, So All Must Be Sustained. ........... 7

           1.   The Copyright Claim Does Not Allege Fraud. ....................... 7

           2.   The RICO Claim Does Not Allege Fraud. ............................... 8

      B.   Even Were Rule 9(b) Applicable, Its Standards Would Be Met. ..... 10

           1.   The Copyright Claim Meets the Standard. ............................. 10

           2.   The RICO Claim Meets the Standard. .................................... 12

      C.   Any Dismissal Should Include Leave to Amend. ............................ 13

V.    Conclusion .................................................................................................. 14

**Cases**

*Ackerman v. Nw. Mut. Life Ins. Co.*
  172 F.3d 467 (7th Cir. 1999).................................................................8

*Alpi Int'l, Ltd v. Anga Supply, LLC*
  118 F. Supp. 3d 1172 (N.D. Cal. 2015)...........................................3, 7

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)............................................................................4

*Bald v. Wells Fargo Bank, N.A.*
  688 F. App'x 472 (9th Cir. 2017)........................................................5

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007)............................................................................4

*Bly-Magee v. California*
  236 F.3d 1014 (9th Cir. 2001)............................................................7

*Brissette v. Entrust Grp., Inc.*
  621 F. App'x 461 (9th Cir. 2015)........................................................8

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*
  69 F. Supp. 3d 342 (S.D.N.Y. 2014).........................................5, 6, 8, 9

*Davis v. Chase Bank U.S.A., N.A.,*
  650 F. Supp. 2d 1073 (C.D. Cal. 2009).............................................8

*Desaigoudar v. Meyercord*
  223 F.3d 1020 (9th Cir. 2000)............................................................8

*Edwards v. Marin Park, Inc.*
  356 F.3d 1058 (9th Cir. 2004).........................................................6, 8

*Fayer v. Vaughn*
  649 F.3d 1061 (9th Cir. 2011)............................................................4

*Feist Publications v. Rural Telephone Service Co.*
  499 U.S. 340 (1991)............................................................................7

*Ferguson Beauregard / Logic Controls v. Mega Sys., LLC*
  350 F.3d 1327 (Fed. Cir. 2003).......................................................6, 9

*Just Film, Inc. v. Buono*
  847 F.3d 1108 (9th Cir. 2017)............................................................4

*Kearns v. Ford Motor Co.*
  567 F.3d 1120 (9th Cir. 2009).........................................................5, 8

*Kling v. Hallmark Cards, Inc.*
  225 F.3d 1030 (9th Cir.2000).............................................................7

*Levine v. Entrust Grp., Inc.*
  No. C 12-03959, 2013 WL 2606407 (N.D. Cal. June 11, 2013)............8, 10, 12

*Lewis on Behalf of Nat. Semiconductor Corp. v. Sporck*
   612 F. Supp. 1316 (N.D. Cal. 1985) ................................................................ 6, 7, 9

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
   519 F.3d 1025 (9th Cir. 2008) ...................................................................................... 4

*Moore v. Kayport Package Exp., Inc.*
   885 F.2d 531 (9th Cir. 1989) ........................................................................................ 8

*Nat'l Org. for Women v. Scheidler*
   510 U.S. 249 (1994) ...................................................................................................... 4

*Neubronner v. Milken*
   6 F.3d 666 (9th Cir. 1993) ............................................................................................ 8

*Ross v. Bolton*
   904 F.2d 819 (2d Cir. 1990) ......................................................................................... 8

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*
   806 F.2d 1393 (9th Cir. 1986) ..................................................................................... 8

*Scottsdale Ins. Co. v. Hudson Specialty Ins. Co.*
   2016 WL 1169378 (N.D. Cal. Mar. 25, 2016) ...................................................... 4, 11

*Swartz v. KPMG LLP*
   476 F.3d 756 (9th Cir. 2007) ............................................................................ 8, 10, 12

*Three Boys Music Corp. v. Bolton*
   212 F.3d 477 (9th Cir.2000) ........................................................................................ 7

*Vess v. Ciba-Geigy Corp.*
   317 F.3d 1097 (9th Cir. 2003) ....................................................................... 5, 7, 8, 13

**Statutes**

17 U.S.C. § 506(a)(1) ......................................................................................................... 9

18 U.S.C. § 1961 ................................................................................................................ 9

18 U.S.C. § 2319 ................................................................................................................ 9

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 4

Fed. R. Civ. P. 8(a)(2) ................................................................................................... 5, 6

Fed. R. Civ. P. 9(b) .................................................................................................. passim

iii

1    This is the opposition of counterclaimant Ken Gangbar Studio Inc. (KGSI) to

2    the dismissal motion of (1) Richard McCormack Design d/b/a Studio McCormack

3    and (2) Richard McCormack (together, McCormack).

4    **I.     INTRODUCTION**

5    McCormack seeks dismissal of KGSI's counterclaim because its claims "all

6    sound in fraud" and thus "must meet the heightened pleading standards of Fed. R.

7    Civ. P. Rule 9(b)."  (Dkt. 56 2:23-24; *accord, e.g.*, 3:7-8, 4:15-23, 6:3-5, 8:15-17, 9:3-6, 11:1-

8    2.)

9    Rule 9(b)'s heightened pleading standard applies only to allegations of "fraud

10   or mistake."  Fed. R. Civ. P. 9(b).  Here, none of the challenged allegations asserts

11   fraud or mistake.  The first cause of action alleges simple copyright infringement.

12   The second alleges multiple acts of copyright infringement as predicate acts under

13   RICO.  Neither relates to fraud.  Nor do the supporting allegations against

14   McCormack even hint at fraud, misrepresentation, or mistake.  Rule 9(b) simply does

15   not apply.  McCormack's motion thus fails.

16   Separately, KGSI's claims are pleaded with sufficient detail that even *if*

17   Rule 9(b) applied, the claims would easily satisfy it.

18   McCormack's motion should be denied.

19   **II.    BACKGROUND AND ALLEGATIONS**

20        **A.     General Allegations.**

21   The allegations here are unusually detailed.  On August 23, 2013, a sales agent

22   named Andrew Swarthout, working for Kevin Barry Fine Art Associates, contacted

23   Ken Gangbar, the author of KGSI's copyrighted works.  (Dkt. 18 10:23-26.)  The sales

24   agent emailed Mr. Gangbar a picture of one of Mr. Gangbar's own pieces, entitled

25   *Star*.  (*Id*.)  The agent asked how much it would cost to commission a similar work,

26   and Mr. Gangbar replied with a price.  (Dkt. 18 11:1-3.)  No sale grew out of this

27   inquiry.  (*Id*.)  But years later, Mr. Gangbar learned that Kevin Barry Fine Art

28   Associates, Kevin A. Barry, and John Johnson (collectively, KBFAA) had used

1   Mr. Gangbar's work, not just *Star* but also other works, to "creat[e], market[], and

2   sell[] their own, unauthorized, copies of Mr. Gangbar's works across the United

3   States." (*Id.*)

4       Among these infringing creations was a work selected and commissioned by

5   McCormack, and installed on the wall of The Ritz Prime Seafood restaurant in

6   Newport Beach, California. (Dkt. 18 11-12.) Richard McCormack "circulated a copy

7   of one of Mr. Gangbar's copyrighted works, with Mr. Gangbar's name visible on the

8   circulated photograph, to several art dealers, seeking bids to commission a copy of

9   the work. Kevin Barry and KBFAA responded with the low bid, and were given the

10  job." (*Id.*)

11      Mr. Gangbar also later learned that his was not the only work infringed by

12  these defendants. KBFAA and the other counterclaim defendants have engaged in a

13  decades-long, concerted pattern of similar copyright infringement against at least six

14  other artists. (Dkt. 18 13-17.)

15      This pattern, too, is alleged in detail. Each past infringement of the works of

16  each of the other six artists is described, attaching side-by-side comparisons of

17  KBFAA's infringing copies with two of the artists' works. (*Id.* & ¶¶ 31-33, Exhs. H &

18  I.) The allegations also include Mr. Barry's own confession, quoted verbatim as he

19  made it to one of the targeted artists. (Dkt. 18 15-16 ¶ 35.) Mr. Barry confessed his

20  infringement of other artists' works, his willful intent, and his knowledge of the

21  wrongfulness of his actions. (Dkt. 18 15-16 ¶ 35.) The counterclaim also includes the

22  dates for some past infringements, the numbers of infringing copies made or sold for

23  others, and the purchasers or locations where infringing copies were placed for still

24  others. (*See, e.g.*, Dkt. 18 13-17 & ¶¶ 32, 34, 36-39.)

25      These background allegations culminate in two causes of action, each against

26  all counterclaim defendants. (Dkt. 18 17-20.)

27

28

**Def and Counterclaimant KGSI's Opp to McM MTD**          **Case No. 4:18-cv-03358-HSG**

**B.     Copyright Infringement Claim.**

The first avers simple copyright infringement.  (*Id.*)  It calls out representative infringing acts of both KBFAA and McCormack.  (*Id.*)  It alleges, for example, that McCormack infringed KGSI's copyrights vicariously, by supervising and controlling the selection of infringing artwork that was installed at the Ritz Prime Seafood restaurant, and by financially benefitting from those actions.  (Dkt. 18 ¶ 45 17:24-28.)

The first cause of action also incorporates the general allegations and includes the standard copyright-infringement elements, such as that KGSI owns all "right, title, and interest in the copyrighted works whose infringement is asserted here," that McCormack and KBFAA had access to KGSI's copyrighted artwork, that the accused artworks are infringing, and that these infringements proximately caused KGSI damages.  (Dkt. 18 ¶¶ 17, 23, 40-48.)  *Cf. Alpi Int'l, Ltd v. Anga Supply, LLC*, 118 F. Supp. 3d 1172, 1179-80 (N.D. Cal. 2015) (listing copyright elements).

**C.     RICO Claim.**

The second cause of action pleads RICO violations, again against all defendants.  (Dkt. 18 18-20 ¶¶ 49-56.)  This cause of action recites two kinds of RICO "enterprises."  (*Id.* at 18-19 ¶¶ 50-53.)  The first comprises the businesses owned or run by Kevin A. Barry, including (1) Kevin Barry Fine Art Associates, (2) Kevin Barry Fine Art Associates of Nevada, Inc., and (3) Kevin Barry Fine Art – San Francisco. (*Id.* at ¶ 50-51.)  The second alleged enterprise is broader.  It includes the Kevin Barry businesses as members of a larger association-in-fact, formed among those businesses and "other entities and individuals working with them."  (*Id.* at ¶¶ 52-53.)

This broader enterprise structure was intentionally designed to allow amendment, based on expected discovery, to name the other members of the broader RICO enterprise, including McCormack, once known.

The RICO cause of action incorporates the preceding allegations into a narrative containing all required RICO elements, which are "(1) conduct (2) of [the] enterprise (3) through a pattern (4) of racketeering activity (known as predicate

1    acts) (5) causing injury to plaintiff's business or property," *Just Film, Inc. v. Buono*, 847

2    F.3d 1108, 1116 (9th Cir. 2017).  (*Compare id., with* Dkt. 18 10-20 ¶¶ 14-56 & ¶¶ 54-55.)

3    **III.    LEGAL STANDARDS**

4          **A.    Factual Allegations Are Presumed True, And Upheld, If They**
               **Permit A Reasonable Inference the Defendant Is Liable.**
5

6          Complaints (or counterclaims) must state a claim that permits relief.  Fed. R.

7    Civ. P. 12(b)(6).  Claims will be sustained if they allege facts sufficient to make them

8    "plausible on [their] face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

9    Facially-plausible claims are those with "factual content that allows the court to draw

10   the reasonable inference that the defendant is liable for the misconduct alleged."

11   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

12         A Court weighing 12(b)(6) dismissal "'accept[s] factual allegations in the

13   complaint as true and construe[s] the pleadings in the light most favorable to the

14   nonmoving party.'" *Scottsdale Ins. Co. v. Hudson Specialty Ins. Co.*, No. 15-CV-02896-

15   HSG, 2016 WL 1169378, at *4 (N.D. Cal. Mar. 25, 2016) (quoting *Manzarek v. St. Paul

16   Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)).

17         General allegations encompass the specific facts necessary to support them.

18   *Scottsdale Ins. Co.*, 2016 WL 1169378 at *4 (internal quotation marks omitted; citing

19   *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994)).  But a court is not required

20   to credit legal conclusions.  2016 WL 1169378 at *4 (citing *Fayer v. Vaughn*, 649 F.3d

21   1061, 1064 (9th Cir. 2011)).  Neither must it accept conclusory allegations of law, or

22   unwarranted inferences.  2016 WL 1169378, at *4.

23         **B.    FRCP 9(b) Applies Only to Allegations of Fraud.**

24              **1.    Fraud Allegations Require Special Pleading.**

25         Rule 9(b) requires pleading "fraud and mistake" with "particularity."  Fed. R.

26   Civ. P. 9(b).  By contrast, "[m]alice, intent, knowledge, and other conditions of a

27   person's mind may be alleged generally."  *Id.*

28

**Def and Counterclaimant KGSI's Opp to McM MTD**          **Case No. 4:18-cv-03358-HSG**

1       Causes of action that do not include fraud as an essential element may

2   nonetheless be supported by allegations that recite fraud. *Vess v. Ciba-Geigy Corp.*, 317

3   F.3d 1097, 1103-04 (9th Cir. 2003).  When this happens, and when some supporting

4   allegations charge fraud and some not, "only the fraud allegations are subject to

5   Rule 9(b)'s heightened pleadings requirements." *Vess v. Ciba-Geigy Corp.*, 317 F.3d

6   1097, 1104-05 (9th Cir. 2003); *accord Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th

7   Cir. 2009) ("To the extent a party does not aver fraud, the party's allegations need

8   only satisfy the requirements of Rule 8(a)(2).").

9       It follows that where *no* allegation avers fraud, none faces a heightened

10  standard.  *Cf Bald v. Wells Fargo Bank, N.A.*, 688 F. App'x 472, 476 (9th Cir. 2017)

11  (Rule 9(b) inapplicable where, though statute prohibited "unfair or deceptive"

12  practices, only "unfair" practices were alleged).

13      McCormack's motion refers throughout to allegations that "*sound* in" fraud, as

14  though allegations not themselves charging fraud can nonetheless "sound in fraud"

15  and trigger Rule 9(b).  If this is indeed the motion's contention, it is incorrect.  Claims

16  "sound in fraud" or are "grounded in fraud" when they "allege a unified course of

17  fraudulent conduct." *Vess*, 317 F.3d 1103-04.  That is, to "sound in fraud" is to allege

18  a course of conduct *all* of which involves fraud.  *Id.*  Because such claims plead fraud

19  throughout, so  their pleadings must be made with particularity throughout.  *Id*.  By

20  contrast, plaintiffs who allege "some fraudulent and some non-fraudulent conduct"

21  need plead "only the allegations of fraud" under Rule 9(b)'s heightened pleading

22  standard.  *Id.* at 1104.

        **2.**   ***Only* Fraud Allegations Require Special Pleading.**

23

        **a.**    **Civil Copyright Infringement Is Not Fraud.**

24

25      Copyright infringement claims charge unlawful copying, not fraud, and thus

26  neither allege nor "sound in" fraud.  *See BWP Media USA Inc. v. Hollywood Fan Sites,*

27  *LLC*, 69 F. Supp. 3d 342, 353-58, 362-63 (S.D.N.Y. 2014) (applying notice pleading to,

28  and refusing to dismiss, generalized claims of direct, vicarious, and contributory

1  copyright infringement, while simultaneously dismissing mail and wire fraud claims

2  under Rule 9(b)).  *Cf. Ferguson Beauregard / Logic Controls v. Mega Sys., LLC*, 350 F.3d

3  1327, 1343 (Fed. Cir. 2003) (reversing dismissal of willful patent-infringement

4  allegations: "Willfulness does not equate to fraud, and thus, the pleading

5  requirement for willful infringement does not rise to the stringent standard required

6  by Rule 9(b)."); *accord* Rule 9(b) ("Malice, intent, knowledge, and other conditions of

7  a person's mind may be alleged generally.")

8         Copyright infringement is thus not subject to Rule 9(b), but to the liberal

9  pleading standard of Rule 8(a)(2).

10                    **b.    RICO Copyright Infringement Is Not Fraud.**

11        Criminal copyright infringement, pleaded as a predicate act for RICO, is

12  likewise not fraud, and is likewise not subject to Rule 9(b).

13        To begin with, RICO predicate-act allegations are subject to the same pleading

14  standards as any other allegations:  "[W]hen the predicate acts sound in fraud, they

15  must be alleged with particularity as required by Rule 9(b)."  *Lewis on Behalf of Nat.*

16  *Semiconductor Corp. v. Sporck*, 612 F. Supp. 1316, 1324 (N.D. Cal. 1985) (citation

17  omitted).  But where "the racketeering acts are not frauds, the general principles of

18  pleading embodied in Rule 8 apply."  (*Id.*)

19        Accordingly, while RICO predicate acts such as mail fraud or wire fraud

20  clearly trigger Rule 9(b) and must be pleaded with particularity, predicate acts of

21  criminal copyright infringement just as clearly are not, and need not.  *E.g.*, *BWP*

22  *Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, , 360-63 (S.D.N.Y.

23  2014) (applying a liberal pleading standard to, and refusing to dismiss, alleged

24  predicate acts of criminal copyright infringement, while applying Rule 9(b) to, and

25  dismissing, predicate-act allegations of mail and wire fraud).

26        McCormack urges that "[i]n the Ninth Circuit, all RICO claims involving

27  fraud must be alleged with particularity." (Dkt. 56 9:3-6 (citing *Edwards v. Marin Park,*

28  *Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004)).)  The key qualifier is "***involving fraud.***"

1   Like *BWP Media* and *Sporck*, *Edwards* makes clear that Rule 9(b) "applies to civil RICO
2   *fraud* claims." 356 F.3d at 1065-66 (emphasis added).  Because *Edwards* dealt with
3   mail fraud rather than criminal copyright infringement, *id.* at 1059-60, it is entirely
4   consistent with *Sporck* and *BWP Media*, which held that predicate acts that do *not*
5   involve fraud are not subject to Rule 9(b).

**3.     Rule 9(b) Dismissals Should Include Leave to Amend.**

7   Where a court does dismiss a claim for failure to plead fraud with
8   particularity, the dismissal should be without prejudice to the claimant's right to
9   amend.  *Vess*, 317 F.3d at 1107-08.  Leave to amend is proper unless "'the pleading
10  could not possibly be cured by the allegation of other facts.'"  *Id.* (quoting *Bly-Magee*
11  *v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

12  **IV.   ARGUMENT**

13  McCormack's dismissal motion rests entirely on its premise that each KGSI
14  counterclaim alleges, or "sounds in," fraud, and is thus subject to Rule 9(b)'s
15  heightened pleading standard.  (*E.g.*, Dkt. 56 2:23-24, 3:7-8, 4:15-23, 6:3-5, 8:15-17, 9:3-
16  6, 11:1-2.)  Because none of the challenged counterclaims alleges or "sounds in"
17  fraud, Rule 9(b) is inapplicable and McCormack's motion fails.

18  **A.     No Counterclaim Alleges Fraud, So All Must Be Sustained.**

19  **1.     The Copyright Claim Does Not Allege Fraud.**

20  As McCormack correctly notes, the elements of a copyright claim are
21  "(1) ownership of a valid copyright; and (2) the infringer's copying of protected
22  elements of the copyrighted material."  (Dkt. 56 7:16-19.)   *Accord Alpi Int'l, Ltd v.*
23  *Anga Supply, LLC*, 118 F. Supp. 3d 1172, 1179-80 (N.D. Cal. 2015) (citing *Feist*
24  *Publications v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113
25  L.Ed.2d 358 (1991); *Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1037 (9th Cir.2000).
26  Copyright holders frequently also need to show that the alleged infringer had access
27  to the asserted work.  *Alpi Int'l*, 118 F. Supp. 3d at 1179-80 (citing *Three Boys Music*
28  *Corp. v. Bolton,* 212 F.3d 477, 481 (9th Cir.2000)).

7

1    Fraud plays no role in any of these elements.  *See BWP Media USA Inc.*, 69 F.

2    Supp. 3d at 353-58.  Nor, as detailed in Section II above, do the particularized

3    supporting allegations against McCormack remotely hint at fraud.

4    McCormack cites no authority supporting its central contention that Rule 9(b)

5    applies to copyright claims, or indeed to any claims not charging fraud.  To the

6    contrary, every one of McCormack's cited Rule 9(b) cases involved express charges of

7    fraud.[1]

8    McCormack's theory that Rule 9(b) applies to KGSI's copyright claim is thus

9    incorrect, and should be rejected.

10                   **2.      The RICO Claim Does Not Allege Fraud.**

11   The RICO counterclaim likewise does not "sound in" or allege fraud, and

12   likewise does not trigger Rule 9(b).

13

14   _____

15   [1] *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) (securities fraud in the form of "false or misleading statements" to shareholders); *Levine v. Entrust Grp., Inc.*, No. C 12-03959, 2013 WL 2606407, at *1 (N.D. Cal. June 11, 2013) ("intentional fraud"

16   and "fraud" in connection with Ponzi schemes), *aff'd sub nom. Brissette v. Entrust Grp., Inc.*, 621 F. App'x 461 (9th Cir. 2015); *Swartz v. KPMG LLP*, 476 F.3d 756, 761-65 (9th

17   Cir. 2007) (mail and wire fraud under RICO, common-law fraud, state-law deceptive acts, and conspiracy to commit these frauds); *Neubronner v. Milken*, 6 F.3d 666, 667-68,

18   671-73 (9th Cir. 1993) (securities fraud, including insider trading, market

19   manipulation, and fraud on the market through false and misleading statements); *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 468 (7th Cir. 1999) (common law

20   fraud and related torts); *Vess*, 317 F.3d at 1105-06 ( "fraudulent conspiracy" between

21   defendants subject to Rule 9(b), while allegations neither mentioning "fraud" nor

22   "necessarily constitut[ing] fraud" not subject to Rule 9(b)); *Ross v. Bolton*, 904 F.2d 819, 822 (2d Cir. 1990) (securities fraud); *Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp.

23   2d 1073, 1076-1078 (C.D. Cal. 2009) (false advertising, misrepresentation, and "unfair, fraudulent, and deceptive practices"); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127

24   (9th Cir. 2009) ("knowing[] misrepresent[ations] to the public" with intent to

25   "defraud consumers"); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1059-61, 1065–66

26   (9th Cir. 2004) (mail fraud); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 1986) (mail fraud and wire fraud); *Moore v. Kayport Package

27   *Exp., Inc.*, 885 F.2d 531, 534, 540 (9th Cir. 1989) (securities fraud).

28

As noted above, RICO predicate acts are—or are not—governed by Rule 9(b)'s pleading requirements depending on whether they do—or do not—allege fraud. *Sporck*, 612 F. Supp. at 1324.  Here, KGSI's RICO claim alleges infringement of its and others' copyrighted works as part of a longstanding, widespread pattern of racketeering activity.  (Dkt. 18 10-20 ¶¶ 14-56.)  Only one kind of predicate act is alleged: criminal copyright infringement.  (*Id.* at 19 ¶¶ 54-55.)

"Criminal copyright infringement," as charged in the counterclaim, is simply copyright infringement committed willfully and (1) for commercial advantage or private financial gain, or (2) by distributing within a 180-day period one or more copyrighted works having a retail value of over $1,000.  *See* 18 U.S.C. § 1961 (listing RICO predicate act of "criminal infringement of a copyright" under 18 U.S.C. § 2319); 18 U.S.C. § 2319 (providing criminal sentences for violations of 17 U.S.C. § 506(a) (criminal copyright infringement)); 17 U.S.C. § 506(a)(1) (criminalizing copyright infringement committed willfully and (1) for commercial advantage or private financial gain or (2) by distributing within a 180-day period one or more copyright works having a retail value of over $1,000).

Just as simple copyright infringement is not fraud, so too willful copyright infringement for financial gain is not fraud.  *BWP Media USA Inc*, 69 F. Supp. 3d at 360-64 (criminal copyright-infringement RICO allegations sustained under notice pleading, while mail and wire fraud RICO allegations dismissed under Rule 9(b)); *cf. Ferguson Beauregard / Logic Controls*, 350 F.3d at 1343 ("the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)") (patent case); *accord* Rule 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.")

As a result, KGSI's RICO allegations against McCormack, like its copyright ones, do not allege or "sound in" fraud, and are not subject to Rule 9(b).

Because Rule 9(b) does not apply, neither do the cases prohibiting "lumping together" of fraud defendants for claims governed by Rule 9(b). *Cf. Swartz v. KPMG*

9

1 *LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (no-lumping-together rule applies "[i]n the

2 context of a fraud suit" governed by Rule 9(b)); *Levine v. Entrust Grp., Inc.*, No. C 12-

3 03959, 2013 WL 2606407, at *4-*5 (N.D. Cal. June 11, 2013) (same).

4      We note for completeness that the counterclaims do make one allegation of

5 fraud against KBFAA, though not against McCormack.  The counterclaim alleges

6 Kevin Barry made up the names of two artists, "Smith" and "Johnson," in paperwork

7 used to sell infringing copies of Brennie Brackett's artwork.  (Dkt. 18 14 ¶ 32.)

8 KBFAA's dismissal motion does not raise a Rule 9(b) challenge to this allegation.

9 (*See* Dkt. 60.)  Nor could it.  The allegation is extremely detailed, and includes the

10 date of KBFAA's fraud (2006), its victims (Hilton and Ms. Brackett), the purchaser of

11 the falsely-attributed works (Hilton), the place they were hung (Homewood Suites

12 hotels), and the number of copies made and sold (1,144 and 934, respectively).  (*Id.*)

13 Rule 9(b) requires nothing more.

14      **B.**    **Even Were Rule 9(b) Applicable, Its Standards Would Be Met.**

15      Although we've seen that KGSI's copyright and RICO counterclaims are not

16 governed by Rule  9(b), the two claims are pleaded sufficiently specifically that they

17 would satisfy the rule even if it did apply.

18      **1.**    **The Copyright Claim Meets the Standard.**

19      The copyright allegations are unusually detailed.  They include the date and

20 author of the email to Mr. Gangbar attaching an image of one of his own sculptures,

21 and evidencing KBFAA's access to Mr. Gangbar's copyrighted works.  (Dkt. 18 10

22 ¶ 17.)  McCormack's access is alleged based on his circulation of "a copy of one of

23 Mr. Gangbar's copyrighted works, with Mr. Gangbar's name visible on the circulated

24 photograph, to several art dealers, seeking bids to commission a copy of the work."

25 (Dkt.18 12 ¶ 23.)  The claims identify infringing works located at Marriott hotels in

26 the states of "Tennessee, Minnesota, and California," and "Westin hotels located on

27 Maui and in Chattanooga, Tennessee."  (Dkt. 18 11 ¶ 22.)

28

**Def and Counterclaimant KGSI's Opp to McM MTD**     **Case No. 4:18-cv-03358-HSG**

1    The claims attach images of infringing works on the walls of a specific

2    Marriott hotel in Newport Beach, and also on the website of a Westin resort in Maui.

3    (*Id*. at 12-13 ¶¶ 26, 28 & Exhs. F-G.)  They name the artist who made some or all of

4    the infringing copies.  (*Id*. at 12 ¶ 27.)

5    As to McCormack in particular, the claims recite that it specifically selected

6    Mr. Gangbar's artwork for copying, sent an image of it out for bids, and awarded the

7    contract to KBFAA, resulting in the placement of an infringing work at The Ritz

8    Prime Seafood restaurant.  (*Id*. at 12 ¶ 23.)  The claims also state that McCormack was

9    the interior design company hired by the Ritz to select and place artwork for the

10   restaurant, *id*., and as such "had the right and the ability to supervise and control the

11   selection of artwork to be purchased and placed there," *id*. at 17 ¶ 45.  They further

12   recite that in placing the infringing copies there, McCormack financially benefitted.

13   (*Id*.)  These are all the elements of a vicarious-infringement claim, as McCormack's

14   motion notes.  (*See* Dkt. 56 7:23 – 8:5.)

15   The claims also allege all other standard required elements of a copyright

16   claim, such as KGSI's ownership of the copyrights, their registration with the

17   Copyright Office, and proximately-caused damages.  (§ II.B., above)  For the few

18   allegations pleaded more generally, such as causation for damages, the details are

19   easily inferable from the specific allegations pleaded.  For example, given that KGSI

20   is itself in the business of selling commercial artwork to hospitality clientele, *e.g.*

21   Dkt. 18 10 ¶¶ 14-15, no stretch is required to understand that McCormack's selection

22   and sale of an infringing copy to Ritz Prime Seafood proximately harmed KGSI.  *See*

23   *Scottsdale Ins. Co.*, 2016 WL 1169378 at *4  (general allegations encompass specific

24   facts necessary to support them).

25   Accordingly, although the copyright claim was not required to be pleaded

26   with particularity, it was anyway.

27

28

1

### 2.   The RICO Claim Meets the Standard.

2   The same for the RICO claim.  As one predicate act, the claim alleges

3   McCormack's specific collaboration with KBFAA in selecting and placing at the Ritz

4   Prime Seafood restaurant a copy of a work whose original author it knew was Ken

5   Gangbar, and did so willfully and for financial gain.  (Dkt. 18 11-12 ¶¶ 22-23.)  The

6   counterclaim then details at least six further predicate acts against six other artists, as

7   well as two others against KGSI at the Bayview Marriott in Newport Beach and on

8   the webpage of the Westin Nanea Ocean Villas resort in Maui.  (Dkt. 18 12-13 ¶¶ 26

9   & 28.)  The counterclaim references further infringements in Tennessee and

10  Minnesota.  (Dkt. 18 11 ¶ 22.)  For all of these predicate acts, the counterclaim alleges

11  KBFAA's direct involvement and also the aid and cooperation KBFAA received from

12  the other counterclaim defendants, which include McCormack.  (Dkt. 18 10 ¶ 13.)

13  Although the counterclaim offers specifics about McCormack's role only in the

14  predicate act concerning the Ritz, the business relationship described with KBFAA,

15  and the two companies' cooperation on the Ritz job, make other, similar,

16  collaborations between these defendants not merely hypothetical, but plausible.  This

17  distinguishes these allegations from ones that "lump in" defendants against whom

18  not even a single particularized instance of misconduct is charged.  *Cf. Swartz*, 476

19  F.3d at 764-65 (beyond conclusory allegations complaint attributed no specific

20  fraudulent conduct to the lumped-in defendants); *Levine*, 2013 WL 2606407, at *4-*5

21  (same).

22  (Of course, *Swartz* and *Levine* are separately inapplicable because the "anti-

23  lumping" rule they announced was limited to fraud claims subject to Rule 9(b), and

24  here as we've seen the RICO claims are not.  We nonetheless cite and distinguish the

25  two cases in this section to support its contention that *even* under Rule 9(b), the RICO

26  claims suffice.)

27  McCormack's intentional selection and commissioning of a low-cost,

28  infringing copy of Mr. Gangbar's work—all as specifically alleged here—also

1   satisfies Rule 9(b)'s concern with "safeguard[ing] defendant's reputation and good

2   will from improvident charges of wrongdoing," Dkt. 56 5:12-15; 7:1-2.  McCormack

3   took its reputation in its own hands when it elected to place a known infringing

4   artwork at the Ritz restaurant.  So too, in committing the Ritz infringement with

5   KBFAA , did McCormack assume the risk of being charged, at the pleadings stage of

6   a lawsuit, with joining forces with KBFAA in at least one other of the many past

7   KBFAA infringements detailed here, for a total of at least two predicate acts.

8        Finally, McCormack resorts to new and extraneous fact allegations to support

9   its pleadings challenge here.  (Dkt. 56 10:16-21 (contending that the Ritz "elected to

10  do business directly with KBFAA," and that it was the Ritz, not McCormack, that

11  "procured, purchased, displayed, installed and owned" the infringing artwork).)

12  McCormack's need for resort to new fact allegations clearly reflects the untenability

13  of its pleadings challenge.

14       **C.      Any Dismissal Should Include Leave to Amend.**

15       If the Court disagrees and dismisses any claims under Rule 9(b), it should

16  grant leave to amend.  *See Vess*, 317 F.3d at 1107-08.

17       McCormack's theory that that KGSI would be unable to amend does not

18  withstand even casual scrutiny.  McCormack contends KGSI's initial disclosures "do

19  not identify a single witness in support of their Second Cause of Action for Civil

20  RICO."  (Dkt. 56 12:23-25.)  Yet *every listed witness* is identified as one who could

21  support KGSI's RICO claim.  As McCormack notes, KGSI listed its witnesses as

22  having knowledge about "[p]ast and present copyright infringement by" KBFAA or

23  McCormack.  (Dkt. 56 13:1-7.) Against a RICO claim specifically alleging copyright

24  infringement as the predicate acts, the contention that this list "do[es] not identify a

25  single witness" who could support KGSI's RICO claim is incoherent.

26       Similarly opaque is McCormack's contention that KGSI could not amend its

27  RICO claim because it had not, at the time of *pleading*, quantified its damages.

28

(Dkt. 56 13:10.)  That a claimant requires damages discovery does not demonstrate the futility of amendment.  This contention also fails.

**V.      CONCLUSION**

For these reasons KGSI respectfully asks the Court to deny McCormack's motion.

RESPECTFULLY SUBMITTED,

DATED:  October 31, 2018                    THE BUSINESS LITIGATION GROUP, P.C.

By:      /s/Marc N. Bernstein
                                                              Marc N. Bernstein

Attorney for Defendant and Counterclaimant
KEN GANGBAR STUDIO INC.