UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BARRY FINE ART ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>KEN GANGBAR STUDIO, INC.,<br><br>Defendant. | Case No. 18-cv-03358-HSG (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 100 |

Defendant and counterclaimant Ken Gangbar Studio, Inc., has challenged the confidentiality designations of 974 documents produced in this action – 972 by third-party Defendant John Johnson and two by non-party Monarch Art & Frame, Inc. The parties were unable to resolve the challenge without court intervention, so now Plaintiff and counter-defendant Kevin Barry Fine Art Associates and Johnson move under paragraph 6.3 of the stipulated protective order to retain the confidentiality designations. The moving parties argue that the 974 documents fall into two broad categories: (1) documents that show commercial information concerning their sales, costs, revenues and business methods, and (2) documents related to their projects for designers and end users who conduct business with them with an expectation of confidentiality. Rather than putting all 974 documents before the Court, which the Court agrees is infeasible, the moving parties submit 10 examples of each of the two categories of documents as exhibits I and J to the Bolling Declaration.

As a procedural matter, this motion runs into the problem that the moving parties filed exhibits I and J in the public record, so whatever confidential status they previously may have had is now gone. The moving parties are correct that the standard for designating a document as confidential within the meaning of the protective order is not the same as the standard for filing a

document under seal. That is particularly true for sealing requests in connection with a dispositive motion. As a result, it is sometimes true that a party will designate documents as confidential when they are produced in discovery but then later will have not have a sufficient basis to request sealing when the documents are actually used in connection with a court filing. Still, when that time comes and the documents get filed in the public record, the effect is that they become public. They are public in the very real sense of that word because anyone with a PACER account can get them. News reporters can get them. There is no sense in pretending that publicly filed documents retain any confidentiality.

So, the 20 examples submitted in connection with the Bolling Declaration don't work as the basis for this motion. Ken Gangbar asks if the Court can rule on the 20 examples anyway, stating how the Court *would have* ruled on the confidentiality designations if the documents had not been filed publicly, simply to provide guidance to the parties on the remaining 954 documents in dispute. The Court declines to do so. A relevant factor in determining whether documents merit a confidentiality designation is the steps a party has taken to keep them confidential. Here, the moving parties filed all 20 examples in the public record, and did this intentionally, so they obviously didn't care all that much about what was in them. This turns them into 20 bad examples.

For the benefit of the parties, the Court will add that as a general matter, non-public pricing information, as well as negotiations and planning for particular client projects where the clients have an expectation of confidentiality, will often constitute confidential development or commercial information under Federal Rule of Civil Procedure 26(c), making them eligible for a confidentiality designation under paragraph 2.2 of the protective order. Of course, information such as that can become stale, so if it is several years old, there will need to be some kind of explanation of why it continues to merit a confidentiality designation.

At the hearing yesterday the Court discussed with the parties an *in camera* submission of a replacement set of 20 examples, ten from each category. The moving parties will submit those 20 examples *in camera* by December 19, 2019, and will file a brief by the same date explaining why they merit confidential treatment. Ken Gangbar will file a response by January 3, 2020, and the

1 matter is set for a further telephonic hearing on January 9, 2020 at 10:00 a.m.

2 **IT IS SO ORDERED.**

4 Dated: December 13, 2019

THOMAS S. HIXSON
United States Magistrate Judge