UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BARRY FINE ART ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>KEN GANGBAR STUDIO, INC.,<br><br>Defendant. | Case No. 18-cv-03358-HSG (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 236 |

Kevin Barry Fine Art Associates, Kevin Barry, and John Johnson (together, "KBFAA") and Ken Gangbar Studio, Inc. ("KGSI") need some help scheduling most[1] of the depositions that KGSI plans to take. They agree that if Judge Gilliam extends the case schedule, *see* ECF No. 231 (motion to amend the case schedule), this dispute will be moot. The Court needs to issue this order today, though, because it contemplates depositions starting on Tuesday if the fact discovery cutoff is not extended, and since we're heading into a three-day holiday weekend, the parties need to plan. Accordingly, the Court issues this order today. If Judge Gilliam extends the fact discovery cutoff, this order becomes void and the parties can renegotiate the scheduling of these depositions.

The root of the current problem is that KBFAA is being unreasonable. The current close of fact discovery is July 31, 2020, and that means KBFAA must make its witnesses reasonably available on or before that deadline. It is patently unreasonable for KBFAA to refuse to make any

---

[1] But not all of them. They agree that Elizabeth La Gumina and Devin Valdivia will be deposed on July 17.

of its witnesses available until July 13 because its lead counsel isn't available until then. With only one month left for fact discovery, and with KBFAA being the party who is opposing an extension of the case schedule, *see* ECF No. 234, it is ridiculous to lose half of the month because one specific lawyer has other plans. Further, KGSI's proposed deposition schedule largely does accommodate Mr. Gelhaar's unavailability by proposing that only three of the depositions take place before July 13 and all of the others occur after that date.

It is also unreasonable for KBFAA to offer dates in August. The current fact discovery cutoff is July 31, so KBFAA is obligated to produce its witnesses by then. It is hypocritical for KBFAA to simultaneously oppose an extension of the case schedule *and* propose that its witnesses be deposed after the fact discovery cutoff.

As for the order of the depositions, KGSI makes reasonable arguments for the order in which it wants to depose the witnesses, and parties are free to sequence their discovery in the order they prefer. *See* Fed. R. Civ. Proc. 26(d)(3)(A). While the Court regrets the interference with the family's long-planned vacation, that seems inevitable given how many of the deponents will be at that vacation, which is the week before the fact discovery cutoff. The Court also observes that KBFAA could likely have avoided any interference with the family's vacation by joining in KGSI's motion to extend the case schedule, but KBFAA apparently considers the existing case schedule more important.

Accordingly, the Court orders the depositions to take place as follows:[2]

- Robert Sher, Tue., July 7, morning
- Jason Fiore, Tue., July 7, afternoon
- KBFAA Nevada, Thu., July 9
- Kevin Barry, Mon., July 20
- John Barry, Tue., July 21
- Allison Barry, Wed., July 22
- Andrew Swarthout, Mon., July 27

---

[2] The parties can change any of these dates by mutual agreement.

2

- KBFAA California, Thu., July 30

**IT IS SO ORDERED.**

Dated: June 30, 2020

_____
THOMAS S. HIXSON
United States Magistrate Judge